IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 11-633-012 |
| | : | |
| PHILLIP ERIC WEEMS | : | |

**DEFENDANT'S SENTENCING MEMORANDUM, DEFENDANT'S OBJECTIONS AND AND MOTION FOR DOWNWARD VARIANCE**

Phillip Weems, by and through her counsel undersigned, files this sentencing memorandum in aid of mitigation at sentencing. The Presentence Investigation Report (PSR) concludes Mr. Weems advisory guideline range is 121 to 151months, based on a total offense level of 30 (PSR p72) and Criminal History Category of III (PSR p120). Defendant contends that the total offense level should be 28 as opposed to 30. Defendant agrees that Mr. Weems has 4 criminal history points resulting in a Category III. As a result, Defendant contends that his appropriate sentencing guideline range is 97-121 months

I.  **INTRODUCTION**

On October 18, 2011, a United States Attorney's office for the Eastern District of Pennsylvania filed a six-count Information charging Mr. Weems with conspiracy to utter counterfeit and forged securities, in violation of 18 U.S.C. Section 371 (Count One); uttering forged and counterfeit securities and aiding and abetting, in violation of U.S.C. Sections 513(a) and 2. (Counts Two and

Three); and making false statements to federal firearms licensees and aiding and abetting, in violation of U.S.C. Section 924(a)(1)(A) and 2 (Counts Four, Five and Six). The Government also filed a Notice of Forfeiture, ordering Mr. Weems to forfeit any proceeds from the crimes committed, including $183,615.95 and the three firearm associated with the case.

On January 30, 2013, Mr. Weems appeared before the Court and pursuant to a written plea agreement, pled guilty to Counts One through Six of the information. The crimes set out in the guilty plea agreement occurred during January 6, 2009 and November 17, 2009. Mr. Weems was initially prosecuted in State Court for the underlying offenses. He was arrested on May 28, 2009 for offenses to led to the Counts One, Two and Three of the Information. On November 1, 2010, he was arrested for offenses to led to Counts Four, Five and Six of the Information. In October of 2011, the Government adopted prosecution of Mr. Weems. Mr. Weems was incarcerated in Philadelphia County for conduct that is this prosecution from November 1, 2010 to October 21, 2011. At that time, Mr. Weems was transferred into the custody of the U.S. Marshalls. He has been incarcerated in pre-trial federal detention since then. The Defense will be asking to Court to order that Mr. Weems receive credit for the time period: November 2, 2010 to October 21, 2011, when Mr. Weems was incarcerated in Philadelphia County, at sentencing.

Mr. Weems has filed *pro se* objections to the pre-sentence report

completed by Mr. McGary of the United States Probation department. This sentencing memorandum does not adopt those objections. This sentencing memorandum does not adopt the *pro se* objections for two reasons: the *pro se* objections are inconsistent with the stipulations that both Mr. Weems and counsel agreed to in the signed guilty plea and in testimony at the time of the plea and the *pro se* objections are not supported by Third circuit precedent, which is explained in the Government's sentencing memo.

II. **DEFENDANT'S PERSONAL HISTORY AND CHARACTERISTICS**

Phillip Eric Weems will turn 37 on April 29, 2014. He was born and raised in Philadelphia and has never lived anywhere else. His father Benjamin Weems is deceased. His mother, Joyce Sanders-Waller is 50 years old. She described herself as a mental health counselor. She lives in Northeast Philadelphia with her husband, Bernard Waller. Mr Weems has a close relationship with his mother now. However, as noted by Mr McGary in the PSR, Mr Weems mother suffered from drug addiction when Mr. Weems was a child and it led to her abandoning him for significant periods of time. Mr. Weems has one sister, Tanisha Weems, who is single and a college student and two borthers, Marcus and Michale Pittman. Mr. Weems maintains a good relationship with brothers but has not had any recent contact with his sister.

Mr. Weems has never been married and he does not have any children. Prior to his arrest, Mr. Weems was involved in a relationship with Cheryl Curry,

dating back to 2008. Mr. Weems was helped Ms. Curry overcome drug addiction issues she has fought since she became an adult. However, since Mr. Weems incarceration, it appears that Ms. Curry may be using drugs again. Previously she lived with Mr. Weems at 2700 Larner Street; however, her current whereabouts are unknown.

Mr. Weems does not appear to be suffering from any mental or emotional issues. He is very concerned about Ms Curry's well-being based of history of drug abuse. Mr. Weems has also consistently denied any substance abuse issues and that remains true today.

### III. SENTENCING CALCULATIONS

#### A. Statutory Maximum Sentence:

The Court may impose a statutory maximum sentence of forty years imprisonment, full restitution up to $183,615.95 also shall be ordered. Forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses and the firearms involved in the commission of such offenses also may be ordered.

#### B. Sentencing Guideline Calculation

The Probation Office has calculated the advisory guideline range to be 121 to 151 months of imprisonment. However, the defendant contends that the appropriate sentencing range is 97 to 121 months.

Violations of 18 U.S.C. Section 513(a) fall within the purview of U.S.S.G.

4

Section 2B1.1 would dictates a base offense level offense of **6**. The defense has signed an plea agreement stipulating the intended loss was more than !million dollars and less than 2.5 million dollars. Pursuant to USSG Section 2B1.1(b)(1)(I) there is a 16 level increase to the base offense. The resulting offense level is **22**. The defense has signed a plea agreement stipulating the offense involved over 50 victims (suffering financial loss). Pursuant to U.S.S.G. Section 2B1.1(b)(2)(B) there is an upward adjustment of 4 levels, resulting in an offense level of **26.**

The Probation Office contends there is a two level upward adjustment due to the crimes involving the possession or use of device-making equipment. If correct, pursuant to U.S.S.G. Section 2B1.1(b)(11)(A) there would be an upward adjustment of 2 levels, resulting in an offense level of **28.** There was no stipulation by either party to this upward adjustment in the plea agreement and the Government, in their memorandum does not support the adjustment.

Mr Weems led an organization that involved more than five participants and pursuant to U.S.S.G. Section 3B1.1(a) there is an upward adjustment of 4 levels, resulting in an offense level of **32.**

The multi-count (Counts 4-6 involve violations of 18 U.S.C. Section 924(a)(1)(A) adjustment pursuant to USSG Section 3D1.4 creates a 1 level upward adjustment to a resulting offense level of **33.**

The Probation Office applied a three level downward adjustment to Mr. Weems offense level pursuant to USSG Section 3E1.1(a) and (b) for acceptance

of responsibility, resulting in an offense level of **30**.

Mr. Weems has four criminal history points stemming from the sentence he received for a consolidated robbery case in Philadelphia county. The defendant received a sentence an aggregate sentence of 6-12 years on two cases with the sentences running concurrent. While there were 2 docketed matters, the case involved one incident, but with two victims. Pursuant to U.S.S.G. Section 4A1.1(e), the sentences count as the same sentence; however, because it is a crime of violence and neither subsection a, b or c applied 1 criminal history point is added to the initial 3 points. Four points places Mr. Weems in Criminal History Category III.

### C. Defendant's Objections to Guideline Calculation

Mr Weems offered a number of objections in his *pro se* submission. Most of Mr. Weems objections are inconsistent with stipulations entered into by himself and counsel in writing and on the record in the guilty plea. Further, as the Government points out in their sentencing memorandum, Mr Weems' positions are not supported by Third Circuit case law. As a result, this memorandum is not objecting to a 16 level enhancement pursuant to USSG Section 2B1.1(b)(1)(I). This memorandum is not objecting is not objecting to a four level upward adjustment pursuant to U.S.S.G. Section 2B1.1(b)(2)(B). This memorandum is not objecting to the calculation of Mr Weems as having 4 criminal history points and being a Criminal History Category III.

However, this memorandum does object to the Probation Office increasing the base level offesne by two levels pursuant to U.S.S.G. Section 2B1.1(b)(11)(A). The Probation Office is mistaken in their interpretation of statute. The Government in their memorandum is not seeking the upward adjustment because there is no Third Circuit law supporting the position and applicable case law from the Fifth and Tenth Circuits have refused to apply this upward adjustment in cases that involve solely the passing of bad checks.

**D.     Defendant's Response to Government's Objections**

The Government has objected because the Probation Office did not recommend an upward adjust of 2 levels for use of "sophisticated means". The Court should deny the Government's request for an upward adjust for several reasons. First, despite a lengthy investigation the Government never asked for a stipulation to "sophisticated means". The Government knew the value intended and the number of victims in this scheme. They requested those stipulations. They never asked for such a stipulation to "sophisticated means" because it never saw Mr Weems operation as being "especially complex or especially intricate" as Application Note 9 discusses. Second, being a large operation does not equate to using "sophisticated means". The Government offers no evidence that would set Mr. Weems apart from the garden variety fraud scheme. Mr. Weems is already receiving other upward adjustments because of the number of people who worked for him and the number of

people they victimized. There is ample evidence of the size of the scheme, but there is no evidence of "sophisticated means". Third, "sophisticated means" in subsection c, of 2B1.1(b)(10) should be read in conjunction with subsection a and b, to give greater understanding to what the intent of the statue was. Subsection a discusses relocating or involvement in relocating to avoid law enforcement and subsection b discusses a scenario where a substantial part of the fraud scheme was outside the United States. In that context "sophisticated means" indicates extraordinary steps being taken to avoid detection. Again, evidence of that is missing. The Government's objection to the non-application of "sophisticated means" should be over-ruled.

### E. Summary Effect of Objections

The Court should find that the two level upward adjustment for device-making equipment does not apply as both the defendant and the Government are advocating that position. However, the Court should deny the Government's objection to the Probation Office finding that an upward adjustment for "sophisticated" means" does not exist. As result, the revised guidelines lines should be a total Offense level of 31 and a Criminal History Category III for a range of 97-121 months.

## IV. <u>REQUEST FOR SPECIFIC PERFORMANCE</u>

The Government's request for Specific Performance predicated on Mr. Weems *pro se* objections. However, this memorandum does not contain any of

the *pro se* objections the Probation Office and the Government believed struck at the heart of the plea. The Court should find no breach of the guilty plea memorandum, signed by all parties, and the matter should proceed to sentencing.

## V. MOTION FOR DOWNWARD VARIANCE, 18 U.S.C. § 3553(a)

The defense respectfully seeks a downward variance in recognition of the defendant voluntarily surrendering firearms to the Government. As a result of a conversation between the parties, while Mr Weems was on bail status, he surrenderd the firearms in his residence to Special Agent Kuechler. There is no evidence that Mr. Weems used any of the 3 firearms he possessed to injure or even threaten people.

## VI. OTHER SENTENCING FACTORS

In the present case, the Court also must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. Weems.

### A. The Nature and Circumstances of the Offense and Mr. Weems' History and Characteristics

This is a non violent offense. It is clear Mr. Weems did profit, but, never at the physical harm or threat of others.

Mr. Weems, at an earlier stage of the investigation, was cooperative with the government. Mr. Weems met with the Government on at least 3 occasions. He informed the Government what he had done and how he had committed

the fraud.

**B.    The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

   *1.    To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Mr, Weems is faced with spending a significant amount of time in prison based on the size of this fraudulent scheme and his prior record.        2.

*To afford adequate deterrence to criminal conduct.*

Any period of incarceration serves as a significant deterrence to Mr. Weems and people like him who attempt to profit by defrauding others.

   *3.    To protect the public from further crimes of the defendant.*

Mr. Weems will be incarcerated for a significant period of time particularly because his guidelines are primarily fueled by intended loss (1.2 Million) as opposed to actual loss (183K).

   *4.    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Weems appears to be healthy, both physically and mentally. Counsel undersigned seeks a sentence that balances the need for punishment with the many other factors that support weigh in favor of a significant variance.

**C.    Kinds of Sentences Available**

The range of sentences statutorily available to the Court are listed above.

### D. The Need to Avoid Unwarranted Disparities

A bottom of the guidelines sentence, as advocated by the Government would be an appropriate sentence

### E. The Need to Provide Restitution to Any Victims of The Offense

The restitution will be addressed by the Court.

## VII. APPROPRIATE DISPOSITION

Mr. Weems ran a large fraud scheme during 2009. The actual loss approaches 200k dollars. While he possessed 3 handguns, unlawfully, there is no indication he either harmed or threatened anybody with those firearms. The defense contends that his guidelines are 97-121 months at that based on prior agreement he should receive the bottom of that guideline range. Further, he should receive time credit extending back to November 1, 2010, when he was first arrested by Philadelphia police for conduct that is the current prosecution

**Respectfully submitted,**

**EDWARD C. MEEHAN JR., Esq.**
**Attorney for Phillip Weems**

## CERTIFICATE OF SERVICE

  I, Edward C. Meehan jr., Esq, hereby certify that I have filed and caused a copy of the Defendant's Sentencing Memorandum be served upon the office of Ashley Lunkenheimer, Assistant United States Attorney, located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                 **EDWARD C. MEEHAN JR.**
                 **Attorney for Phillip Weems**

**DATE: January 29, 2014.**